**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL KOWALCZYK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-1012 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMVAULT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Michael Kowalczyk, by counsel, alleges as follows:

**Federal Jurisdiction and Venue**

1.      This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), codified at 29 U.S.C. § 201 et. seq., as amended. As a result, this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question).

2.      Plaintiff also brings state law claims under the Illinois Minimum Wage Law ("IMWL"), codified at 820 ILCS 105, as well as a claim for retaliatory discharge.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because the claims are so related to the federal FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

4.      The events giving rise to this lawsuit arose in this District, namely in Chicago, Illinois.

**Parties**

5.      Commvault Systems, Inc. (hereinafter "Commvault") is a Delaware corporation.

6.      Commvault conducts business in Illinois, at 500 Park Blvd. in Itasca.

1

7.    Kowalczyk worked for the company from July 31, 2015 to October 2, 2017.

8.    Commvault sells software that assists organizations with data backup and recovery, cloud and infrastructure management, and retention and compliance.

9.    Commvault is subject to FLSA because it is engaged in an industry affecting commerce, and its annual gross sales total more than $500,000.

### Count I: FLSA Non-Payment of Overtime

10.    Plaintiff re-alleges the paragraphs 1-9 above as if fully stated here.

11.    Under the FLSA, 29 U.S.C. § 207, an employer must pay any employee who works more than 40 hours in a week at a rate of at least 1.5 times the employee's regular rate of pay for each hour over 40 worked.

12.    Throughout his employment, Kowalczyk almost always worked more than 40 hours per week.

13.    However, Kowalczyk was not compensated at a rate of 1.5 times his regular rate of pay for any of his hours worked over 40.

14.    Kowalczyk was paid on a salary basis.

15.    Defendant had no right under FLSA to pay Kowalczyk on a salaried basis.

16.    In so paying Kowalczyk, Defendant violated the FLSA (Sections 207 and 215a2).

WHEREFORE, Plaintiff requests that Defendant be found liable, that judgment be entered against it, and that Kowalczyk be awarded all remedies to which he is entitled under the law, including:

   a.    unpaid overtime compensation;

   b.    an additional equal amount as liquidated damages;

   c.    attorney's fees; and

d.   costs.

## COUNT II: Illinois Minimum Wage Law violation
### (supplemental IL statutory claim)

17.   Plaintiff re-alleges the paragraphs 1-16 above as if fully stated here.

18.   Under the IMWL, no employer shall employ any of its employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed.

19.   Throughout his employment, Kowalczyk always worked more than 40 hours per week.

20.   However, Kowalczyk was not compensated at a rate of 1 ½ times his regular hourly rate for any of his hours worked over 40.

21.   Kowalczyk was paid on a salary basis.

22.   Commvault had no right to pay Kowalczyk on a salaried basis.

23.   In so paying Kowalczyk, Defendant violated the Illinois Minimum Wage Law, 820 ILCS 105.

WHEREFORE, Plaintiff requests that Defendant be found liable, that judgment be entered against it, and that Kowalczyk be awarded all remedies to which he is entitled under the law, including:

a.   the amount he was underpaid;

b.   damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

c.   reasonable attorney's fees; and

d.   costs.

## Count III Retaliatory Discharge

24.     Plaintiff re-alleges paragraphs 1-8 as if alleged here.

25.     Beginning in January 2017, Kowalczyk complained to Commvault's Human Resources about his co-worker Matt Higaki openly carrying and displaying a firearm at work.

26.     In April 2017, Higaki became Kowalczyk's supervisor.

27.     On August 28, 2017, Kowalczyk submitted a complaint to a corporate hotline about what Higaki had done.

28.     On October 2, 2017, Higaki terminated Kowalczyk.

29.     Higaki terminated Kowalczyk because Kowalczyk had reported Higaki's violation of Illinois' gun laws.

30.     A discharge for this reason violates the public policy of Illinois.

31.     Kowalczyk has been harmed by this violation of state law: he has lost wages and benefits, lost earning power, and suffered emotional distress.

WHEREFORE, Plaintiff requests that Defendant be found liable, that judgment be entered against it, and that Kowalczyk be awarded all remedies to which he is entitled under the law, including:

        a.  emotional distress;

        b.  punitive damages;

        c.  prejudgment interest; and

        d.  court costs.

## Jury Demand

32.     Plaintiff demands trial by jury.

4

DATE: 2/8/18                                         BY: ___/s/ Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com